**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 17-85-SDD-RLB |
| JOHN E. CLARK | |

**RULING**

This matter is before the Court on the *Motion to Modify Prison Sentence Pursuant to 18 U.S.C. 3582(c)*[1] filed by Defendant, John E. Clark ("Defendant"). The Government opposes this motion.[2] For the following reasons, the motion is denied.

**I.    BACKGROUND**

In July, 2017, the Defendant, a medical doctor engaged in a fraudulent billing scheme, was charged in an eight-count Indictment with various offenses, including conspiracy to commit health care fraud ("Count 1, Object (b)").[3] On February 13, 2019, the Defendant pled guilty, pursuant to a plea agreement, to Count 1, Object (b). On May 17, 2019, Defendant was sentenced to serve thirty-seven months' imprisonment, and he was ordered to pay restitution in the amount of $254,962.86 and a $150,000 fine.[4] Defendant reported to the Bureau of Prison's ("BOP") designated facility on June 24, 2019, and he is currently housed at United States Penitentiary Atlanta, located in Atlanta, Georgia ("USP Atlanta"). Defendant is scheduled to be released from BOP custody on

---

[1] Rec. Doc. No. 122.
[2] Rec. Doc. No. 124.  Defendant filed a *Reply* at Rec. Doc. No. 125.
[3] Rec. Doc. No. 1.
[4]  Rec. Doc. Nos. 70, 71, 103, 105, and 110.
Document Number: 59798

February 6, 2022.[5]

## II.     ARGUMENTS

Defendant moves this Court pursuant to 18 USC § 3582(c) for a modification of his term of imprisonment and an early release from the custody of the BOP to a sentence of home confinement, for extraordinary and compelling reasons.  Defendant notes that the Center for Disease Control (CDC) has issued guidance that individuals at higher risk of COVID-19 – adults over 60 years old and people with chronic medical conditions – take immediate preventative actions, including avoiding crowded areas and staying home as much as possible.

Defendant is 67 years old and has a history of high blood pressure and high cholesterol for which he takes a variety of medications.[6]  Defendant also notes that he suffers from sleep apnea and uses a CPAP machine. He contends the conditions of his confinement are the ideal environment for the transmission of this contagious disease, and at 67, he is in the "high-risk" age group as defined by the CDC.

Defendant notes that he is housed in three connected barracks with 50 men each and contends it is impossible to implement social distancing.  Further, he claims inmates cycle in and out of the facility coming from all parts of the United States. Defendant acknowledges that the BOP is now operating under modified conditions, but he argues that, based on his age and his confinement status, he is at serious risk of contracting this virus.  Thus, due to his age, the pandemic of the corona virus, and the living conditions in which he and other inmates are housed, Defendant claims he has

---

[5] Rec. Doc. No. 106.
[6] *See* Rec. Doc. No. 80.
Document Number: 59798

presented extraordinary and compelling reasons warranting his release from the BOP. Defendant requests that the remainder of his sentence be served as a home-detention/home confinement sentence.

The Defendant also acknowledges the requirement of Section 3582(c) that he request that the Warden take action for his early release, and he contends he has made such a request. However, at the time that he filed this motion, Defendant had not received a response from the Warden. Defendant acknowledges that the thirty days called for in Section 3582(c) have not passed but argues that, in light of the crisis, there is no reasonable expectation that the Warden will respond to his request. Further, Defendant contends "the situation at hand is truly extraordinary and unique, and the health of Dr. Clark as well as many other the inmates is at risk."[7] Thus, Defendant asks the Court to consider his motion although he has not exhausted administrative remedies as required by the statute.

The Government opposes Defendant's request. First, the Government notes that Defendant has failed to exhaust his administrative remedies as required by the statute; thus, this motion is not ripe for the Court's consideration. Second, the Government maintains that Defendant has failed to present extraordinary and compelling reasons for the modification of his sentence. Specifically, the Government contends Defendant's basis for seeking modification of his sentence is not any of the three specified reasons delineated in the Sentencing Commission's policy statement.[8] First, Defendant is not suffering from a terminal illness; second, although over sixty-five, Defendant has not

---

[7] Rec. Doc. No. 122, p. 3.
[8] See U.S.S.G. § 1B1.13, app. note 1.
Document Number: 59798

Page 3 of 11

served seventy-five percent of his sentence; and third, Defendant is not alleging the death or incapacitation of a caregiver for his minor children, spouse, or partner. Thus, the Defendant is seeking relief pursuant to the catchall provision of Application Note 1(D), which authority may or may not be available to the Court, according to the Government.

Even assuming the Court, and not solely the Director of the BOP, has the authority to determine extraordinary and compelling reasons pursuant to Section 1B1.13, Application Note 1(D), the Government argues that the presence of the COVID-19 pandemic in the United States, generally, is insufficient to grant the relief Defendant seeks. "'BOP institutions, as a matter of policy and procedure, have pandemic plans for preparedness in the event of any infectious disease outbreak.'"[9] Thus, the Government contends, "the BOP is equipped, prepared, and ready to deal with pandemics such as the coronavirus, as it has had in place, since at least October 2012, a robust plan to deal with other pandemics, including Pandemic Influenza, by taking steps such as increased hygiene, 'social distancing,' and quarantining."[10]

Moreover, the Government highlights the measures the BOP has recently implemented specifically in response to the COVID-19 pandemic. Citing information found at the BOP's webpage regarding its Coronavirus Response, the Government notes that the BOP has taken aggressive steps to protect inmates' health and to keep COVID-19 outside of its facilities. "[M]aintaining safety and security of [BOP] institutions

---

[9] Rec. Doc. No. 124, p. 6 (quoting See BOP, "BOP's COVID-19 Response," https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response).
[10] *Id.*

is [its] highest priority."[11]  The BOP website indicates it began planning for COVID-19 in January 2020, when it established a task force to develop policies in consultation with the CDC.  Further, the BOP implemented Modified Operations, including suspending social visits, suspending legal visits (but continuing to allow confidential legal calls), limiting inmate movement, maximizing social distancing, enhanced screening of staff, and continued screening of inmates.  Additionally, for inmates who have COVID-19 symptoms, or a temperature greater than 100.4 degrees Fahrenheit, such inmates will immediately be placed in isolation, and on March 24, 2020, the BOP announced that it would quarantine all newly arriving inmates for fourteen days so as to not introduce the infection within the receiving facility.

As to the specific facility wherein Defendant is housed, USP Atlanta, the Government notes that it has a dedicated Health Services Department that "provides routine, urgent and chronic care to the inmates as needed."[12]  Additionally, "[a]ll medical emergencies or injuries [are] given priority for treatment," and "[e]mergency care is provided twenty-four (24) hours a day, seven (7) days a week."[13]  The Government notes that, at the time of the filing of its brief, two inmates at USP Atlanta have tested positive for coronavirus, as has one staffer in the Atlanta area, and the inmates are in isolation.[14]

Based on the above, the Government contends the BOP has a plan in place to protect inmates, including this Defendant.  Further, although the COVID-19 pandemic is

---

[11] *See* BOP, "Updates to BOP COVID-19 Action Plan: Inmate Movement" (Mar. 19, 2020), https://www.bop.gov/resources/news/20200319_covid19_update.jsp.
[12] *See* USP Atlanta, "Admission & Orientation Handbook" (Jan. 2012), https://www.bop.gov/locations/institutions/atl/ATL_aohandbook.pdf.
[13] *Id.*
[14] *See* https://www.bop.gov/coronavirus/.

Document Number: 59798

a new problem, health claims by imprisoned defendants seeking relief under this statute are not, and the Government maintains that Defendant has not presented an exceptional reason justifying his release to home confinement.

### III. LAW AND ANALYSIS

#### A. Exhaustion of Remedies

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

The Defendant concedes that he has failed to comply with the exhaustion requirements under the statute; therefore, this motion is not ripe for review. Alternatively, the Court finds that Defendant has failed to set forth extraordinary and compelling reasons to modify his sentence.

#### B. Extraordinary and Compelling Reasons

28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy

statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Accordingly, the relevant policy statement of the Commission is binding on the Court.[15]

The Sentencing Guidelines policy statement appears at § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required**. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,

---

[15] *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).
Document Number: 59798

(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.[16]

The Court finds that Defendant has failed to present evidence of extraordinary and compelling reasons to modify his prison sentence. Indeed, he does not meet any of the criteria set forth by the statute. The Defendant is not terminally ill; is not suffering from a serious physical or medical condition;[17] is not suffering from a serious functional

---

[16] *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)(emphasis added).
[17] Although the Defendant suffers from high blood pressure and high cholesterol, there is no allegation or evidence that these rather common conditions are not adequately controlled by medications which he concedes he takes. There is no evidence or support offered for the notion that sleep apnea treated by a CPAP machine, which the Defendant uses, is a serious medical condition. In short, by his own allegations, the Defendant's medical conditions are controlled by medication and medical equipment which the BOP has made available to him.
Document Number: 59798

or cognitive impairment; is not experiencing deteriorating physical or mental health because of the aging process; and is not experiencing dire family circumstances. Moreover, Defendant cites no authority for the proposition that the *fear* of contracting a communicable disease warrants a sentence modification. Additionally, the following cases cited by the Government support the Court's denial of Defendant's motion.

In *United States v. Gileno*,[18] the Connecticut district court rejected identical arguments raised by that defendant. In *Gileno*, the defendant moved to have his prison sentence reduced to home confinement based on his increased risk of contracting COVID-19 due to his various mental and physical health conditions. The court rejected the defendant's arguments, finding that he had failed to exhaust administrative remedies: "As a threshold matter, Mr. Gileno has not satisfied the requirement under 18 U.S.C. § 3582(c)(1)(A) to first request that the Bureau of Prisons file a motion on his behalf and then show that thirty days have passed without any BOP action. As a result, the Court cannot consider his motion to modify his sentence."[19]

The court alternatively rejected the merits of the defendant's motion, finding he had failed to demonstrate extraordinary and compelling reasons for such relief: "Mr. Gileno has not shown that his medical issues, which remain largely the same as when he was sentenced, 'substantially diminish [his] ability ... to provide self-care' within the correctional facility."[20] The court also found that the defendant failed to show that the BOP's plan to address COVID-19 was inadequate:

> With regard to the COVID-19 pandemic, Mr. Gileno has also not shown that the plan proposed by the Bureau of Prisons is inadequate to manage the

---

[18] 2020 WL 1307108 (D. Conn. Mar. 19, 2020).
[19] *Id.* at * 3.
[20] *Id.* at * 4 (citation omitted).
Document Number: 59798

pandemic within Mr. Gileno's correctional facility, or that the facility is specifically unable to adequately treat Mr. Gileno … But at this time the Court cannot assume that the Bureau of Prisons will be unable to manage the outbreak or adequately treat Mr. Gileno should it emerge at his correctional facility while he is still incarcerated.[21]

The district court for the Northern District of California reached the same conclusion in *United States v. Eberhart*.[22] Not only did the court find that the defendant was required to exhaust administrative remedies under the statute, the court likewise found that the defendant failed to demonstrate extraordinary and compelling reasons for a sentence modification due to the COVID-19 pandemic:

> Furthermore, defendant fails to show that concerns about the spread of COVID-19, without other factors to consider in his particular case, present extraordinary and compelling reasons that warrant modification of his sentence and immediate release from custody pursuant to § 3582(c)(1)(A), which requires that a reduction of sentence under this provision be "consistent with applicable policy statements issued by the Sentencing Commission." General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.[23]

The reasoning and analysis in *Gileno* and *Eberhart* apply to the present case. Defendant has failed to exhaust his administrative remedies as required by the statute. Further, Defendant has failed to demonstrate extraordinary and compelling reasons for a sentence modification, and there is no evidence before the Court that the BOP's plan to address the pandemic will not adequately protect inmates.

---

[21] *Id.*
[22] 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020).
[23] *Id.* at * 2.

Document Number: 59798

Accordingly, Defendant's *Motion to Modify Prison Sentence Pursuant to 18 U.S.C. 3582(c)*[24] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 1, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[24] Rec. Doc. No. 122.
Document Number: 59798